Taft, J.,
concurring. The “when voidable” provisions of the policy, upon which defendant’s defense is necessarily based, would not by their words be operative if “reference to such * * * medical treatment or attention” (that which insured had received for her heart ailment within the year prior to issuance of the policy) had been “endorsed on” the policy; and they would likewise not by their words be operative if there were no such endorsement but if such reference to that medical treatment and attention had been “disclosed in a written application for” the policy.
Defendant concedes “for the sake of argument” in the “preliminary statement” at the beginning of the “argument” in its brief that (1) defendant’s agent was given true answers concerning the insured’s heart ailment and medical treatments therefor, (2) without collusion on the part of either beneficiary or insured, the agent fraudulently filled in the application with *107 answers that did not reflect that information and (3) “in * * * filling in the application, agent # * was an agent of the company [.defendant] and not of insured.”
If the agent had filled in the application with answers that did reflect the information given him by the insured, then by its words the “when voidable” provisions would not be operative (the policy was to be voidable “unless reference to such *' * * medical treatment or attention * * * is endorsed on this policy * * *; provided # * * this policy shall not be voidable because of the absence of an endorsement referring to any information which was disclosed in a written application for this policy”).
If in filling in the application the “agent was an agent of the company [defendant] and not of insured,” then in effect defendant filled in the application.
Thus, in filling in portions of the application over the signature of the insured, defendant was in effect acting (through its agent) as agent of and pursuant to authority conferred upon it by the insured; and, if it had acted in accordance with the authority conferred upon it by the insured, the defendant would have had no defense under the “when voidable” provisions of the policy. In order to establish a defense under those provisions, it is necessary for defendant to rely upon its intentional action contrary to the authority conferred upon it by the insured. It is elementary that a defendant cannot be permitted to rely upon his own intentional failure to perform a duty owed to an innocent party as the basis for a defense against that party. See Goudy, Admr., v. Gebhart, 1 Ohio St., 262; 31 Corpus Juris Secundum, 343, Section 108; 19 American Jurisprudence, 652, Section 50. Defendant, for the purposes of argument, conceded that both plaintiff and the insured were innocent parties with respect to the statements made in the application as to the insured’s health and her attendance by a physician.